HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATIONAL PRODUCTS INC.,

        Plaintiff,

    v.

BELKIN INTERNATIONAL, INC.,

        Defendant.

Case No. 2:16-cv-00402-TSZ

**STIPULATED
PROTECTIVE ORDER**

**JURY TRIAL DEMANDED**

1.    <u>PURPOSES AND LIMITATIONS</u>

       Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.    <u>PROTECTED MATERIAL</u>

       "Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

STIPULATED PROTECTIVE ORDER
Case No. 2:16-CV-00402-TSZ

- 1 -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE  206.389.4511

(a) Competitively sensitive technical information relating to research, development, marketing, manufacture, and production of products;

(b) technical, business, and research information regarding the Parties' respective products; and

(c) any pending patent applications, foreign or domestic.

"Attorneys' Eyes Only" material shall include the following documents and tangible things produced or otherwise exchanged that a party deems proprietary business information including:

(a) highly sensitive financial information and marketing plans and forecasts, customer lists, pricing data, cost data, customer orders, and customer quotations; and

(b) strategies, trade secrets, research, marketing, production, and costs information.

3.    SCOPE

The protections conferred by this agreement cover not only Confidential material and Attorneys' Eyes Only material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.    ACCESS TO AND USE OF PROTECTED MATERIAL

4.1    Basic Principles. A receiving party may use Confidential material and Attorneys' Eyes Only material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material and Attorneys' Eyes Only material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material and

STIPULATED PROTECTIVE ORDER
Case No. 2:16-CV-00402-TSZ
- 2 -
FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

Attorneys' Eyes Only material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any material designated "CONFIDENTIAL" only to:

(a)  the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)  the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation.

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) attached hereto, provided that the procedures set forth in Paragraph 4.4 below have been followed;

(d)  the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement; and

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

STIPULATED PROTECTIVE ORDER
Case No. 2:16-CV-00402-TSZ

- 3 -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE 206.389.4510
FACSIMILE  206.389.4511

4.3    <u>Disclosure of "ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose material designated "ATTORNEYS' EYES ONLY" only to those individuals identified in Paragraphs 4.2(a), (c)-(e), and (g) above.

4.4    <u>Disclosure to Experts or Consultants</u>.  If any party wishes to disclose Confidential or Attorneys' Eyes Only material to any expert or consultant ("Expert") pursuant to Paragraphs 4.2(c) or 4.3 of this Order, it must notify the attorneys for the producing party in writing, at least ten (10) days before any such disclosure is made, of the identity of each such Expert.  Such identification shall include:

(a)  the full name and professional address and/or affiliation of the Expert;

(b)  a copy of the Expert's executed "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  all previous or current relationships (personal and professional) of the Expert with any of the parties in this action, including direct relationships and relationship through entities owned or controlled by the Expert; and

(d)  each person or entity by whom the Expert has been employed, from whom the expert has received compensation or funding for work in his or her areas of expertise, or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the past four years.

The provisions of this section shall not be construed as dispensing with the requirements of Federal Rule of Civil Procedure 26(a)(2).

If the producing party objects to such disclosure of Confidential Material or Attorneys' Eyes Only material, it shall notify the receiving party intending to disclose the Confidential material or Attorneys' Eyes Only material in writing of its objection(s) within ten (10) days of the receiving party's written notification of intent to disclose Confidential or Attorneys' Eyes Only material. Should the party intending to make the disclosure disagree with the basis for the objection(s), the parties must first attempt to resolve the objections informally. If a written

- 4 -

objection is made, the parties shall attempt to resolve any objections informally within five (5) days of the written objection.  If no agreement is reached, the party seeking to disclose Confidential or Attorneys' Eyes Only material to such Expert may file a motion requesting that the objection(s) be quashed after that five (5) day period has passed. Pending a ruling by the Court upon any such objection(s), the Confidential material or Attorneys' Eyes Only material shall not be disclosed to any person objected to by such producing party.

4.5    <u>Filing Confidential and Attorneys' Eyes Only Material</u>.  Before filing Confidential or Attorneys' Eyes Only material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

STIPULATED PROTECTIVE ORDER
Case No. 2:16-CV-00402-TSZ

- 5 -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE 206.389.4510
FACSIMILE  206.389.4511

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this agreement (see, *e.g.*, Paragraph 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) Information in documentary form (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings): the designating party must affix the word(s) "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each page that contains Confidential material or Attorneys' Eyes Only material, respectively.  If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) Testimony given in deposition or in other pretrial or trial proceedings: the parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  Prior to such designation, or expiration of the 15-day period, the entire deposition transcript shall be treated as Attorneys' Eyes Only information.

(c) Other tangible items: the producing party must affix the word(s) "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in a prominent place on the exterior of the container or containers in which the information or item is stored.  If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE   206.389.4511

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material.  Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>.  Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>.  The parties must make every attempt to resolve any dispute regarding confidentiality designations without court involvement.  Any motion regarding confidentiality designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference.  A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3    <u>Judicial Intervention</u>.  If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable).  The burden of persuasion in any such motion shall be on the designating party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.  All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

STIPULATED PROTECTIVE ORDER                    - 7 -
Case No. 2:16-CV-00402-TSZ

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE   206.389.4511

7.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that party must:

(a)  promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential or Attorneys' Eyes Only  material may be affected.

8.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential material or Attorneys' Eyes Only  material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential material or Attorneys' Eyes Only material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery

STIPULATED PROTECTIVE ORDER          - 8 -
Case No. 2:16-CV-00402-TSZ

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE  206.389.4511

order or agreement that provides for production without prior privilege review. Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

10.    <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise. The parties agree that the terms of this Order shall survive and remain in effect after the termination of the above-captioned action.

This Order shall be binding upon the parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained experts, and the persons or organizations over which they have direct control.

11.    <u>THIRD PARTY CONFIDENTIAL INFORMATION</u>

The parties agree to be bound by the terms of this Protective Order with respect to any Third Party that produces confidential information in this lawsuit, provided that such Third Party agrees in writing to be bound by the terms of this Protective Order. A party that seeks confidential information from a Third Party shall provide along with any subpoena or other governmental process directed to that Third Party requesting confidential information 1) a copy of this Protective Order and 2) written notice informing the Third Party that it may take

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

1  advantage of the protections afforded by this Protective Order.  An inadvertent failure to provide

2  a copy of this Protective Order shall not constitute a breach of this provision.

3

4  **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

5

6  DATED: July 20, 2017                    /s/ *David K. Tellekson*
                                          David K. Tellekson
7
                                          *Attorneys for Plaintiff National Products Inc.*
8

9  DATED: July 20, 2017                    /s/ *Lane M. Polozola*
                                          Lane M. Polozola
10
                                          *Attorneys for Defendant Belkin International,*
11                                        *Inc.*

12

13         The parties' stipulated motion, docket no. 40, is **GRANTED**, and pursuant to the parties'

14  stipulation, **IT IS SO ORDERED**.

15

16  DATED this 21st day of July, 2017.

17

18                                        *Thomas S Zilly*

19                                        _____
                                          Thomas S. Zilly
20                                        United States District Judge

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER              - 10 -
Case No. 2:16-CV-00402-TSZ

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE 206.389.4510
FACSIMILE  206.389.4511

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ [date] in the case of *National Products Inc. v. Belkin International, Inc.*, Case No. 2:16-cv-00402-TSZ. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER        - 11 -
Case No. 2:16-cv-00402-TSZ

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511